IN THE UNITED STATES DISTRICT COURT

DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| UNITED STATES, <br><br> Plaintiff, <br><br> v. <br><br> JANA GAURUDER, <br><br> Defendant. | **MEMORANDUM DECISION AND ORDER** <br><br> Case No. 2:08-cr-00525 CW <br><br> Judge Clark Waddoups |

This matter is before the court on Defendant Jana Gauruder's Motion to Dismiss due to alleged Speedy Trial Act violations. The Speedy Trial Act specifies that a criminal defendant's trial must commence within seventy days of the date of the indictment or defendant's initial appearance, "whichever date last occurs."[1] The seventy-day time period, however, is tolled upon the occurrence of certain events. One event is the filing of pre-trial motions. Section 3161(h)(1)(D) specifies that "[t]he following periods of delay shall be excluded in computing the time . . . (D) delay resulting from any pretrial motion, from the filing of the motion through the conclusion of the hearing on, or other prompt disposition of, such motion." In *Henderson v. United States*, the Supreme Court stated that Section 3161(h)(1)(D), "on its face excludes the entire period between the filing of the motion and the conclusion of the hearing," if the court requires a hearing.[2] This exclusion is automatic,

---

[1] 18 U.S.C. § 3161(c)(1) (2010).

[2] *Henderson v. United States*, 476 U.S. 321, 329 (1986).

1

without the need for any findings by the court.³ If the court determines, however, that a hearing is not required, then only thirty days is excluded "from the time a motion is actually 'under advisement' by the court."⁴

In this case, Defendant filed a motion on September 23, 2008. On June 22, 2009, the court scheduled the motion to be heard on July 22, 2009. Because of the delay in scheduling the hearing, Defendant contends only the first thirty days after the motion was briefed was excluded because the delay signaled the court did not actually need a hearing to dispose of the motion. Defendant contends that were the court to hold otherwise, a court could correct a Speedy Trial Act violation by simply scheduling a hearing any time after a motion has languished.

This contention is contrary to the plain language of the statute. Moreover, the facts of the case do not support that the motion merely languished. After filing the motion on September 23, 2008, Defendant filed other motions, including motions for extension of time to file additional motions, requests to proceed *pro se* (necessitating a *Faretta* hearing), motions to continue trial by both the government and the Defendant,⁵ and other pre-trial motions. Several hearings were held

---

³ *See Bloate v. United States*, 130 S. Ct. 1345, 1351–52 (2010).

⁴ *Id.*

⁵ The government filed a motion to continue trial on November 20, 2008. (Docket No. 60.) The court granted the motion and excluded time through May 4, 2009. (Docket No. 61.) Before this period expired, Defendant filed a motion to continue trial on April 3, 2009, requesting the trial date be extended an additional ninety days. (Docket No. 96.) Rather than extending the trial for ninety days, the court scheduled a new trial date of June 22, 2009. (Docket Nos. 102, 106, 138.) On June 26, 2009, the court excluded all time between June 22, 2009 and October 5, 2009, to allow newly appointed stand-by counsel and a *pro se* litigant time to file additional pre-trial motions and to prepare the case. (Docket No. 139.) Since that time, additional continuances have been granted due to further changes in litigant status, counsel, and newly discovered evidence.

regarding the appointment or withdrawal of counsel. After additional issues were resolved regarding counsel and litigant status on June 16, 2009, the court issued a notice of hearing on June 22, 2009 to hear all outstanding motions. Hence, the delay did not signal that no hearing was needed and that the issue was under advisement by the court. The court therefore concludes that all time between when the September 2008 motion was filed and when it was heard by the court was excluded. This same conclusion applies to all other periods of time between when a motion was filed by Defendnat and heard by the court.

Defendant next contends that the time between February 26, 2010 and June 3, 2010 was not excluded due to insufficient findings by the court that a continuance was necessary to meet the ends of justice. On November 19, 2009, the court excluded time under the Speedy Trial Act until March 15, 2010. Defendant points to no deficiency in this ruling. Hence, time was properly excluded at least until March 15, 2010.

On February 26, 2010, the court held a hearing, wherein Defendant's counsel requested a continuance. After hearing oral argument, the court made findings on the record that a continuance was warranted until at least the end of June 2010.[6] On June 3, 2010, Defendant filed a different motion to dismiss on Speedy Trial Act grounds. The court heard oral argument and ruled on that motion on July 12, 2010. Defendant then filed this motion to dismiss on July 19, 2010. Based on continuances and various motions, at most, the period of time between July 12, 2010 and July 19, 2010 was countable against the seventy-day time period.

The court therefore concludes that no Speedy Trial Act violation has occurred and hereby

---

[6] *See* Government's Objection to Defense Motion to Dismiss, 20–21 (Docket No. 417).

DENIES the motion.[7]

SO ORDERED this 19th day of August, 2010.

BY THE COURT:

_Clark Waddoups_
Clark Waddoups
United States District Judge

---

[7] Docket No. 416.